circuit court there properly admitted the testimony and offered a continuance.

While the statutory provision with reference to disclosure of alibi defense does have language to the effect that nondisclosure may result in an order excluding the offered evidence, a reading of the entire provisions of Section 114—14 (Ill. Rev. Stat. 1969, ch. 38, par. 114—14), indicates that the trial judge has discretion not unlike the discretion afforded by the Supreme Court Rules relating to discovery. The court *"may"* exclude evidence and the court is permitted to allow the defendant to amend his notice of alibi defense. (Emphasis added.)

The even-handed administration of the the rules for discovery and the statutory requirement of disclosure of alibi defense clearly suggests that the sanction here employed was in excess of that which was necessary, indeed was unnecessary, and an abuse of discretion. The alibi witness may or may not have been believed or believable—such is beside the point. The prosecution's case here is based essentially upon testimony of accomplices, which testimony, while sufficient to convict, is viewed with caution and circumspection.

Accordingly, I dissent from the opinion which approves such a severe sanction as the exclusion of possibly meaningful testimony.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SYLVESTER HOLMES, Defendant-Appellant.

(No. 11810; ▪▪▪▪▪▪▪

Fourth District—December 13, 1972.

Opinion by Mr. JUSTICE SIMKINS.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

No appearance for the People.